_____

# THE UNITED STATES DISTRICT COURT
# DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>VANTEJREN ATENE,<br><br>　　　　　　Defendant. | **MEMORANDUM DECISION AND ORDER DENYING MOTION TO CONTINUE TRIAL AND EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT AND VACATING TRIAL DATE**<br><br>Case No. 4:21-cr-00084-DN-PK<br><br>District Judge David Nuffer<br><br>Magistrate Judge Paul Kohler |

Based on Defendant's Stipulated Motion to Continue Jury Trial ("Motion")[1], the court makes the following findings:

1.  Defendant first appeared in this court on October 4, 2021, for his initial appearance.[2] Defendant was arraigned on October 13, 2021.[3] Trial was set for January 3, 2022, within the time limitations[4] of the Speedy Trial Act.[5] On December 21, 2021, trial was continued to April 5, 2022.[6]

2.  Defendant has moved to continue trial for 145 days pursuant to 18 U.S.C. § 3161(h)(7) (ends of justice).[7] This is Defendant's second request for continuance of the trial in

---

[1] Docket no. 30, filed March 14, 2022.

[2] Docket no. 14, filed October 4, 2021.

[3] Docket no. 20, filed October 13, 2021.

[4] Due to the ongoing COVID-19 Pandemic, time between April 1, 2021, and January 31, 2022, had been excluded by the District of Utah from the Speedy Trial Act time calculations. D. Ut. General Order 21-15.

[5] Docket no. 20, filed October 13, 2021.

[6] Order Granting Motion to Continue Jury Trial and Exclude Time, docket no. 27, filed December 21, 2021.

[7] Defendant's Motion cites also "18 U.S.C. § 3161(h)(1)(A)" as one of the bases for the motion. Motion, ¶ 9 at 2-3. Defendant also cited this provision in the prior motion to continue. As was stated in the previous order continuing trial, that particular provision refers to periods of delay attributable to proceedings meant to determine the mental or

this matter.

3.     Specifically, Defendant alleges that a continuance is necessary because his counsel and counsel for the government are in plea negotiations, and counsel for Defendant needs additional time to prepare for trial.

4.     The facts that support this allegation include the following: The discovery is "quite extensive". Defendant needs additional time to review discovery, and needs time to consider whether to hire an expert given the circumstances of this case. Defense counsel is investigating mitigating evidence as well, which necessarily involves consultation with Defendant. Finally, Defendant intends to seek a potential plea settlement, and must complete a review of discovery issues and investigations prior to this.[8]

5.     Defendant is in custody and agrees with this continuance.[9]

6.     Government counsel, Thaddeus May and Aaron W. Flater, were contacted and stipulates to a continuance.[10]

## DISCUSSION

An "ends of justice" exclusion of time under the Speedy Trial Act is disfavored and "was meant to be a rarely used tool for those cases demanding more flexible treatment."[11]   Defendant

---

physical capacity of the defendant, which does not appear to be at issue here. Defendant's Motion cites this provision to support the argument that ongoing plea negotiations justify a continuance. Motion, ¶ 9 at 2-3. Plea negotiations support continuances sought under 18 U.S.C. § 3161(h)(7) (ends of justice). *United States v. Cano-Silva,* 402 F.3d 1031, 1034 (10th Cir. 2005). Accordingly, Defendant's Motion is again construed as seeking an ends of justice continuance under 18 U.S.C. § 3161(h)(7).

[8]  Motion at 2.

[9]  *Id.* at 3.

[10]  *Id.*

[11]  United States v. Toombs, 574 F.3d 1262, 1269 (10th Cir. 2009).

submits as reasons for the requested continuance that (1) discovery is "quite extensive;" (2) "[d]efense counsel is still reviewing and investigating the matter;" (3) "defense counsel is investigating mitigating evidence;" (4) defense counsel is considering whether to hire an expert; and (5) defense counsel intends to seek a plea settlement.[12] Defendant previously submitted identical reasons for his first request to continue trial for 90 days, and indicated that 90 days would be sufficient. While additional time to prepare is understandable, Defendant does not explain why the initial three-month continuance was not sufficient to prepare for trial, and does not explain why a continuance of nearly *five months* is required now. "Simply identifying an event, and adding the conclusory statement that the event requires more time for counsel to prepare, is not enough."[13] The fact that Defendant and not the government requested the motion does not obviate the requirements of the Speedy Trial Act.[14]

## ORDER

Therefore, the Motion[15] for a 145-day continuance is DENIED without prejudice. The current trial date will be vacated. Unless counsel files a motion stating specific reasons for a longer period of time being required, on April 5, 2022, a new order will issue for trial on June 9, 2022, with findings justifying such a continuance.

---

[12] Motion at 2.

[13] *Toombs*, 574 F.3d at 1271–72.

[14] *Id*. at 1273.

[15] Docket no. 30, filed March 14, 2022.

Dated March 21, 2022.

BY THE COURT:

_____
David Nuffer, United States District Judge